WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pearl Milbrandt,<br><br>    Plaintiff,<br><br>v.<br><br>Mark Ward and Truwest Credit Union,<br><br>    Defendants. | No. CV-24-01585-PHX-KML<br><br>**ORDER** |

Plaintiff Pearl Milbrandt filed suit against Defendants Mark Ward and Truwest Credit Union alleging violations of the Fair Debt Collections Practices Act, criminally extortionate debt collection, and failure to make required financial disclosures. Milbrandt is entitled to proceed without prepayment of fees but the complaint will be dismissed with leave to amend.

**I.     Background**

As best the court can understand, Milbrandt's complaint alleges that she signed a promissory note with an unnamed party in order to purchase a car. (Doc. 1 at 4, 15.) As Milbrandt notes in her pleading, a promissory note is a "promise to pay." (Doc. 1 at 6, 15.) It is unclear to what extent Milbrandt made such payments. But unlike a standard loan arrangement, Milbrandt claims that by entering the contract, her signature "monetize[d]" the promissory note and accordingly, "the vehicle [was] paid off." (Doc. 1 at 15.) She argues that promissory notes "must [be] accepted by all banks and financial institutions" as "payment of purchased property by [her] signature and SSN, which was withdrawn from

the Federal [R]eserve Bank for AZ." (Doc. 1 at 4.) Therefore, she argues, "[n]o [m]onthly payments should have []ever been given to the Bank." (Doc. 1 at 4, 15.)

Milbrandt acknowledges that "there was suppose[d] [to be] a check issued to cover the cost of the loan." (Doc. 1 at 15.) The complaint does not make clear whether this check would come from Milbrandt or another party, or who the recipient would be. She claims that "the bank has not issued one cent," but does not indicate whether she is referring to the original promissory note counterparty or Truwest. (Doc. 1 at 15.)

Irrespective of this payment history, Milbrandt alleges that the promissory note was "monetize[d] . . . behind [her] back" by an unnamed party. (Doc. 1 at 15.) Milbrandt claims that Truwest employees then contacted her in relation to this agreement. (Doc. 1 at 4.) And although the content of those communications is also unclear, Milbrandt claims she informed Truwest employees that her "vehicle cannot be sold by anyone other than [her]." (Doc. 1 at 4.) She also alleges that she sought a "[d]ebt validation" from Truwest, who "refused to send [her] what [she's] asked for." (Doc. 1 at 4.) Finally, Milbrandt alleges that unnamed parties have "harass[ed] [her] family members" in order to "get information on [her]." (Doc. 1 at 4.) Milbrandt does not allege any particular facts relating to Ward other than identifying him as the Chief Financial Officer of Truwest.

As a result of her interactions with Truwest employees, Milbrandt claims Truwest communicated with her in connection with a debt collection without her consent; communicated with her in connection with a debt collection in a harassing manner; used false, deceptive, or misleading representations or means in connection with debt collection; refused to provide a requested debt validation; improperly charged interest on the loan agreement; made an extortionate extension of credit, and attempted to collect extensions of credit by extortionate means in violation of 15 U.S.C. §§ 1692c, 1692d, 1692e, 1692g, 1692l, 18 U.S.C. §§ 892, 894, and Fed. R. of Civ. P. 37. (Doc. 1 at 3–4, 6, 10, 13.)

**II.     Analysis**

    **A.     In Forma Pauperis and Dismissal Standard**

Milbrandt seeks leave to proceed without prepaying fees or costs. (Doc. 2.) Based

on the information Milbrandt provided, she is entitled to do so. But when an individual wishes to proceed without prepaying fees or costs, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Under that standard, "a complaint must contain sufficient factual matter, accepted as true" and viewed in the light most favorable to the nonmoving party "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This does not require "detailed factual allegations," but does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

### B. Complaint Does Not Allege Plausible Claims

It is difficult to identify the factual and legal basis for Milbrandt's claims. As a general matter, however, it appears that Milbrandt is attempting to bring both criminal and civil claims against all defendants. Milbrandt is not entitled to pursue any criminal claims because the authority to initiate a criminal action under Title 18 rests exclusively with federal prosecutors and that title provides no basis for civil liability. *See Allen v. Gold Country Casino,* 464 F.3d 1044, 1048 (9th Cir. 2006). And the criminal statutes that Milbrandt references, 18 U.S.C. §§ 892 and 894, do not contain any provisions allowing a private citizen to file suit. *Id*. Accordingly, to the extent Milbrandt is making claims under criminal laws, those claims are dismissed with prejudice.

#### 1. FDCPA Claims

Milbrandt brings a number of claims under the FDCPA, which regulates the conduct of "debt collector[s]." 15 U.S.C. §§ 1692c, 1692d, 1692e, 1692g, 1692l. A "debt collector" is "'any person . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts.'" *Obduskey v. McCarthy & Holthus LLP*, 586 U.S. 466, 468 (2019) (quoting 15 U.S.C. § 1692a(6)).

To pursue claims under the FDCPA, Milbrandt must allege sufficient facts showing the defendants qualify as "debt collectors." But Milbrandt has not alleged any facts to show that debt collection is the "principal purpose" of Ward or Truwest nor has she alleged facts to show defendants "regularly collect[] or attempt[] to collect" debts. Indeed, she makes no allegations as to Ward, and her only specific mention of Truwest is that it "refused to send [her] what [she's] asked for" after she requested a "[d]ebt validation" and that its employees have "harassed" her. (Doc. 1 at 4.) She alleges that unnamed debt collectors have "harass[ed]" her, "refused to show [her] their books of accounting or receipt for a check (loan)," and "extorted" her. (Doc. 1 at 4, 6–7.) But it is unclear whether these conclusory statements refer to Ward or Truwest and in any event they constitute "unadorned" statements insufficient to state a claim.

Separately, Section 1692l of the FDCPA delineates the authority of the Federal Trade Commission to enforce the FDCPA and accordingly is inapplicable here. Milbrandt's claims under 15 U.S.C. §§ 1692c, 1692d, 1692e, and 1692g are therefore dismissed without prejudice and her claim under 15 U.S.C. § 1692l is dismissed with prejudice.

### 2. Federal Rule of Civil Procedure 37

Milbrandt also argues that she is entitled to certain disclosures from Ward and Truwest, including "[p]roof that a loan was given to [her] for the property." (Doc. 1 at 4.) Milbrandt cites Rule 37 in support of this assertion, but the Federal Rules of Civil Procedure do not themselves provide a standalone cause of action. Moreover, Rule 37 allows parties to "move for an order compelling disclosure or discovery" but only after discovery has commenced, and Rule 26(d) prohibits a party from seeking discovery "from any source before the parties have conferred as required by Rule 26(f)." No defendant has appeared and the parties have not conducted their Rule 26(f) conference. Milbrandt's invocation of Rule 37 is therefore also premature.

### 3. Limited Leave to Amend

Milbrandt will be granted limited leave to amend. An amended complaint must be

retyped in its entirety and may not incorporate any part of the original complaint by reference. An amended complaint may not include any claims the court has dismissed with prejudice. Should she choose to file an amended complaint, Milbrandt must set forth in as much detail as possible the facts supporting the claims she wishes to assert against defendants. If Milbrandt files an amended complaint but that amended complaint still fails to state any claims for relief, the court may dismiss the amended complaint without further leave to amend.

Accordingly,

**IT IS ORDERED** the Motion for Leave to Proceed (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** the Complaint (Doc. 1) is **DISMISSED WITH LIMITED LEAVE TO AMEND** in compliance with this order. Plaintiff shall file her amended complaint no later than **September 22, 2024**. The Clerk of Court is directed to enter a judgment of dismissal without prejudice in the event no amended complaint is filed by that date.

Dated this 23rd day of August, 2024.

Honorable Krissa M. Lanham
United States District Judge